IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08–CR-30185-NJR |
| | ) |
| | ) |
| LAWRENCE O. DANIELS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**ROSENSTENGEL, District Judge:**

Defendant Lawrence Daniels filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines (Doc. 118). The motion was referred to the Federal Public Defender's office, and Assistant Federal Public Defender Thomas Gabel entered his appearance on behalf of Defendant Daniels (Docs. 119, 120). Mr. Gabel has now moved to withdraw claiming that Defendant Daniels is ineligible for a sentence reduction under Amendment 782 based on his status as a career offender (Doc. 122). Defendant Daniels was given an opportunity to respond to Mr. Gabel's motion to withdraw (Doc. 124), and he did so (Doc. 125).

Defendant Daniels disputes that he was sentenced as a career offender. He argues that, at the time of his sentencing, he had only one prior conviction for a crime of violence, and therefore he did not qualify as a career offender, which requires two prior

felony convictions for a crime of violence or a controlled substance. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a).[1]

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity table in § 2D1.1 of the Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses. Importantly, Amendment 782 does not lower the guideline range for career offenders because their offense level and guideline range are based on § 4B1.1(b), not § 2D1.1(c). *See, e.g., United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1.")

Defendant's argument that he was not a career offender is groundless and based on a misrepresentation of the facts. The PSR indicates, and Defendant is well aware, that in addition to the prior conviction that he admitted to (Doc. 125), he also had two prior burglary convictions (Docs. 66, 92). Thus, he had at least three prior convictions for

---

[1] Section 4B1.1(a) provides that "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

crimes of violence at the time he was sentenced in this matter for a federal drug crime. *See* U.S.S.G § 4B1.2 (defining "crime of violence" to include the burglary of a dwelling). Accordingly, he clearly satisfied the definition of a "career offender." U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a). It is also clear that Defendant was, in fact, sentenced as a career offender. His guideline range was determined based in part on a total offense level of 34 (Doc. 70), which according to the Presentence Report includes a two-point career offender enhancement (Doc. 66). If the career offender enhancement had not been included, his offense level would have been 32 (Doc. 66).

Because Defendant Daniels was sentenced as a career offender, his offense level and guideline range were based on U.S.S.G. § 4B1.1(b), not § 2D1.1(c). As a result, his guideline range does not change under Amendment 782, and a sentence reduction under § 3582(c)(2) is not authorized. For these reasons, Mr. Gabel's Motion to withdraw (Doc. 122) is **GRANTED**. Defendant Daniels's motion for a sentence reduction (Doc. 118) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:   March 16, 2015

    s/ Nancy J. Rosenstengel
    **NANCY J. ROSENSTENGEL**
    **United States District Judge**