IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE O. DANIELS,<br><br>Defendant. | Case No. 3:08-CR-30185-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a motion to reduce sentence under the First Step Act of 2018 filed by Defendant Lawrence O. Daniels (Doc. 141) and the motion to withdraw as attorney filed by Attorney Daniel C. Cronin (Doc. 145). For the following reasons, the motion to withdraw is granted, and the motion to reduce sentence is denied.

**FACTUAL & PROCEDURAL BACKGROUND**

On August 20, 2008, Daniels was charged by way of indictment with one count of distributing approximately 2.1 grams of cocaine base (commonly referred to as "crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1); one count of distributing approximately 8.1 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 2); one count of distributing approximately 10.2 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 3); one count of possession with intent to distribute approximately 33.5 grams of cocaine base, in violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 4); one count of possession with intent to distribute approximately 142.7 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 5); one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 6); and one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7) (Doc. 1).[1] Daniels proceeded to trial in February 2009, and was convicted of all counts (Docs. 52-58).

The Presentence Investigation Report ("PSR"), using the year 2008 Sentencing Guidelines Manual, determined Daniels's relevant conduct involved 56.5 grams of cocaine base (Doc. 66). This drug quantity, along with a two-point enhancement for obstruction of justice, resulted in a base offense level of 32 (*Id.*). But the PSR determined Daniels was subject to a higher offense level based on his status as a career offender under U.S.S.G. § 4B1.1 and as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (*Id.*).

A defendant is considered an armed career criminal if he is found in possession of a firearm and has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). A defendant is considered a career offender if (1) the defendant was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime

---

[1] The indictment also contained a forfeiture allegation, which is not relevant here.

of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

Under § 4B1.1, a career offender's offense level is 34 if the instant offense carries a statutory maximum of 25 years or more. Under § 4B1.4, an armed career criminal's offense level is the greatest of the offense level from Chapter Two and Three; the offense level from § 4B1.1; 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence or a controlled substance; or, otherwise, 33. A career offender and an armed career criminal both automatically receive a criminal history category of VI. U.S.S.G. §§ 4B1.1, 4B1.4.

At the time Daniels committed the instant offenses, 21 U.S.C. § 841(b)(1)(B)(iii) provided that a defendant convicted of a drug offense involving five or more grams of cocaine base was subject to a five-year mandatory minimum sentence and a maximum sentence of forty years; Daniels was convicted of a drug offense involving 33.5 grams of cocaine base (Count 4). Thus, he had a total offense level of 34 and a criminal history category of VI as a career offender, under § 4B1.1. Similarly, because Daniels used a firearm in connection with a controlled substance offense, he had a total offense level of 34 and a criminal history category of VI as an armed career criminal, under § 4B1.4. Accordingly, the PSR calculated Daniels's guideline range as 262 months to 327 months. On May 11, 2009, District Judge G. Patrick Murphy sentenced Daniels to 370 months' incarceration, followed by a supervised release term of five years (Doc. 67). The case was transferred to the undersigned District Judge following Judge Murphy's retirement.

On February 11, 2019, Daniels filed a motion to reduce sentence based on Section 404 of the First Step Act of 2018. 115 Pub. L. 391 § 404, 132 Stat. 5194 (enacted Dec. 21,

2018). Daniels proceeds under 18 U.S.C. § 3582(c)(1)(B), which allows the Court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The Court referred the case to the Federal Public Defender's Office, and Assistant Federal Public Defender Daniel Cronin entered his appearance on Daniels's behalf (Doc. 143). But on April 19, 2019, Mr. Cronin filed a motion to withdraw as attorney, stating Daniels has no meritorious claim for relief under the First Step Act, because he was sentenced as an armed career criminal (Doc. 145). The Court ordered Daniels to show cause as to why Mr. Cronin's motion to withdraw should not be granted, and the motion to reduce sentence be denied (Doc. 146). Daniels responded, arguing he is not an armed career criminal and was not sentenced as an armed career criminal (Doc. 147). Instead, Daniels insists he was sentenced as a career offender and, following the enactment of the First Step Act, he would face a maximum sentence of 20 years, which would reduce his guideline range to 151 to 188 months (*Id.*).

## DISCUSSION

The First Step Act of 2018 makes sections 2 and 3 of the Fair Sentencing Act of 2010 retroactive to defendants, and it allows district courts to reduce a defendant's sentence for a crack cocaine offense as if the sections of the Fair Sentencing Act of 2010 were in effect at the time the defendant's offense was committed. *See* First Step Act, § 404. Section 2 of the Fair Sentencing Act of 2010 increased the quantity of cocaine base required to trigger the enhanced penalties of 21 U.S.C. § 841. Specifically, it raised the threshold in § 841(b)(1)(A) from "50 grams" to "280 grams," and the threshold in § 841(b)(1)(B) from "5 grams" to "28 grams."

Here, Daniels is not entitled to a reduced sentence under the First Step Act because the new threshold amounts in § 841(b)(1) do not alter his total offense level or criminal history category. As an armed career criminal, Daniels is subject to a criminal history category of VI and an offense level of 34 under U.S.S.G. § 4B1.4, because he used or possessed a firearm in connection with a controlled substance offense. This provision does not take into consideration the drug quantity involved in the offense.

But Daniels argues the Court chose to sentence him as a career offender—not as an armed career criminal—and that applying both classifications violates the Double Jeopardy Clause. Daniels's argument is misplaced. The PSR states,

> The defendant is a career offender under the meaning of U.S.S.G. § 4B1.1, *and an armed career criminal, pursuant to U.S.S.G. § 4B1.4.* . . It is noted that U.S.S.G. § 4B1.4 (armed career criminal) indicates that the guideline used is the greatest of the following: the offense level applicable from Chapter Two and Three (which would be 32); or the offense level from U.S.S.G. § 4B1.1 (career offender, which is 34); or 34, if the defendant used or possessed the firearm in connection with either a crime of violence or a controlled substance offense. *In this case, the highest offense level would be that of the career offender and armed career criminal guidelines, both of which are 34.*

(Doc. 66) (emphasis added).

Daniels insists Judge Murphy chose the career offender guidelines over the armed career criminal provisions at sentencing, but after a careful review of the transcript, there is no indication Judge Murphy rejected Daniels's classification as an armed career criminal. In fact, the Statement of Reasons found that the Court adopted the PSR "without change," thus accepting Daniels's classification as both an armed career criminal and a career offender (Doc. 70). Contrary to Daniels's contention, this dual classification does not violate the Double Jeopardy Clause. *See United States v. Gonzalez*, 257 F. App'x 932,

945-46 (7th Cir. 2007) (the Double Jeopardy Clause is not implicated when a defendant faces an enhanced sentence for prior criminal conduct). Notably, Count 6 of the indictment, which the jury ultimately convicted Daniels of, specifically charges Daniels with violating the ACCA (Doc. 1).

### CONCLUSION

Because Daniels was sentenced as an armed career criminal, the First Step Act does not alter his guideline range. Accordingly, the motion to withdraw as attorney filed by Daniel C. Cronin (Doc. 145) is **GRANTED**, and the motion to reduce sentence filed by Defendant Lawrence O. Daniels (Doc. 141) is **DENIED**. Mr. Cronin is terminated from this case.

**IT IS SO ORDERED.**

DATED: July 22, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**