IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 3:08-CR-30185-NJR-1 |
| **LAWRENCE O. DANIELS,** | |
| **Defendant.** | |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Authorize Payment from Inmate Trust Account filed by the United States of America. (Doc. 166). The Government seeks an order, pursuant to 18 U.S.C. §§ 3613(a), 3664(k), and 3664(n), authorizing the Bureau of Prisons (BOP) to turn over to the Clerk of Court non-exempt funds held in the inmate trust account of Defendant Lawrence Daniels. The funds would be applied as payment toward the criminal monetary penalties imposed in this case.

In support of its motion, the Government notes that on May 13, 2009, the Court sentenced Daniels to 370 months in prison and 60 months of supervised release. (Doc. 69). The Court also ordered Daniels to pay a special assessment of $700 and $17,500 in restitution. Daniels has paid his special assessment, but owes $14,207.55 in restitution.

On February 26, 2021, the Government was informed that Daniels had a balance of $4,095.52 in his inmate trust account. The Government requested that the BOP freeze $3,046.44 of those funds for payment toward Daniels's outstanding criminal monetary

penalties. Thus, the BOP has possession, custody, or control of $3,046.44 in encumbered funds belonging to Daniels that are currently in his trust account.

Daniels opposes the Government's motion, arguing that he has been compliant with his payment plan under the Inmate Financial Responsibility Program (IFRP), though he does not clarify why he has paid only $3,292.45 in restitution over the past decade.

Under 18 U.S.C. 3664(n), "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." A restitution order acts as a lien in favor of the Government on "all property and rights to property" of the defendant. *United States v. Sayyed*, 862 F.3d 615, 618 (7th Cir. 2017). Thus, the Government is entitled to "step into the defendant's shoes" and acquire the rights of the defendant with regard to the funds. *Id.* at 619.

Here, the Court finds 18 U.S.C. § 3664(n) obliges Daniels to apply any "substantial resources" to the outstanding restitution owed. Daniels has approximately $4,095.52 in his trust account, which is a substantial amount even outside the prison setting. Additionally, even though Daniels is enrolled in the IFRP, as explained by the Seventh Circuit in an unpublished opinion, "the [IFRP] and the government's ability to collect restitution are not mutually exclusive." *United States v. Lemberger*, 673 F. App'x 579, 580 (7th Cir. 2017). The United States may enforce a restitution order by "all other available and reasonable means," including the BOP's inmate payment program. *Id.* Finally, the Court notes that Daniels would not be left indigent if his funds are applied toward his

criminal monetary obligations. The Government has encumbered only $3,046.44, leaving $1,049.08 in his account. This is a significant balance for an inmate to carry in his trust account.

For these reasons, the Motion to Authorize Payment from Inmate Trust Account (Doc. 166) is **GRANTED**. The Bureau of Prisons is **ORDERED** to turn over to the Clerk of Court the amount of $3,046.44. The Clerk of Court shall accept the deposit from the funds currently held in the trust account for the following inmate:

>    Inmate Name:      Lawrence Daniels
>    Inmate Number:    08036-025
>    Inmate Facility:  Florence High USP
>                      P.O. BOX 7000
>                      FLORENCE, CO 81226

The Clerk shall apply these funds as payment toward the criminal monetary penalties owed by Daniels. Payments are to be made payable to the Clerk of the District Court, 750 Missouri Avenue, East St. Louis, Illinois 62201. The Government is **ORDERED** to provide a copy of this Order to the Bureau of Prisons.

**IT IS SO ORDERED.**

DATED:   June 1, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**