IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 3:08-CR-30185-NJR |
| **LAWRENCE O. DANIELS,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is an amended motion to reduce sentence under the First Step Act of 2018 (Doc. 163) filed by Defendant Lawrence O. Daniels.

### BACKGROUND

On August 20, 2008, Daniels was charged by way of indictment with one count of distributing approximately 2.1 grams of cocaine base (commonly referred to as "crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1); one count of distributing approximately 8.1 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 2); one count of distributing approximately 10.2 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 3); one count of possession with intent to distribute approximately 33.5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 4); one count of possession with intent to distribute approximately 142.7 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 5); one count of felon in possession of a firearm, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 6); and one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7) (Doc. 1).[1] Daniels proceeded to trial in February 2009, and was convicted of all counts (Docs. 52-58). On May 11, 2009, now-retired District Judge G. Patrick Murphy sentenced Daniels to a 370 month term of imprisonment to be followed by 5 years of supervised release. Daniels also was ordered to pay a mandatory Special Assessment of $700 and a fine of $17,500. (Doc. 67).

On February 11, 2019, Daniels filed a motion to reduce sentence based on Section 404 of the First Step Act of 2018. 115 Pub. L. 391 § 404, 132 Stat. 5194 (enacted Dec. 21, 2018). Daniels proceeded under 18 U.S.C. § 3582(c)(1)(B), which allows the Court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The Court referred the case to the Federal Public Defender's Office, and Assistant Federal Public Defender Daniel Cronin entered his appearance on Daniels's behalf. (Doc. 143). But on April 19, 2019, Mr. Cronin filed a motion to withdraw as attorney, stating Daniels has no meritorious claim for relief under the First Step Act, because he was sentenced as an armed career criminal. (Doc. 145). The Court ordered Daniels to show cause as to why Mr. Cronin's motion to withdraw should not be granted. (Doc. 146). Daniels responded, arguing he is not an armed career criminal and was not sentenced as an armed career criminal. (Doc. 147). Daniels insisted he was sentenced as a career offender and, following the enactment of the First Step Act, he would face a maximum sentence of 20 years, which would reduce his guideline range to 151 to 188

---

[1] The indictment also contained a forfeiture allegation, which is not relevant here.

months. (*Id.*).

On July 22, 2019, the Court denied Daniels *pro se* motion for relief under the First Step Act of 2018. (Doc. 148). The Government moved to vacate that order in Daniels's subsequent appeal, however, noting that "[t]he district court [ ] denied Daniels' motion because Daniels was sentenced an armed career criminal." *See* 19-2506, Doc. 26. The Government continued, noting:

> Therefore, the court reasoned, even if the district court were to consider imposing "a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed" (*see* First Step Act § 404(b)), the resulting guideline range would be exactly the same today as it was when Daniels was sentenced in 2007. *Id*. So "Daniels is not entitled to a reduced sentence under the First Step Act."

*Id*. at p. 6. The Government then acknowledged that "a district court may—in exercising its discretion—note that the guidelines range has not changed and decline to reduce a defendant's sentence after considering all of the § 3553(a) factors." *Id*. The Government then posited that "the district court may have relied on the guidelines range to determine eligibility under the First Step Act." *Id*.

The Seventh Circuit granted the Government's motion to vacate and remand to this Court "for further proceedings consistent with the government's motion and *United States v. Hudson*, 967 F.3d 605 (7th Cir. 2020)." (Doc. 153-1). Accordingly, the Court again referred the case to the Federal Public Defender's Office, and Assistant Federal Public Defender Ethan Skaggs entered his appearance on Daniels's behalf. (Doc. 155). On February 26, 2021, Mr. Skaggs filed an Amended Motion to Reduce Sentence Pursuant to the First Step Act of 2018. (Doc. 163). On March 18, 2021, the Government responded to

the amended motion. (Doc. 164).

## LEGAL STANDARD

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who committed their offenses and were sentenced before August 3, 2010. *See* First Step Act, § 404. The Act gives district courts discretion to reduce a defendant's sentence for a cocaine base offense as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *Id.*

Section 404 of the First Step Act provides, in relevant part:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Accordingly, defendants who were convicted before August 3, 2010, of a cocaine base offense for which the Fair Sentencing Act reduced their statutory penalties, are now

eligible for consideration of a reduced sentence. *Id.* Whether to reduce the sentence of an eligible defendant is left to the sentencing court's discretion. *Id.*

In determining whether a defendant is eligible for a reduced sentence, "a court needs only to look at a defendant's statute of conviction, not the quantities of crack involved in the offense." *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020). If an offense was modified by the Fair Sentencing Act, that defendant is eligible "to have the district court consider whether to reduce the previously imposed term of imprisonment." *Id.* In making its decision whether to reduce a sentence for eligible defendants, a district court must assure the Appellate Court that it relied upon the record and considered the parties' arguments. *Id.* at 740. Further, there is nothing in the First Step Act that precludes a district court from considering relevant post-sentencing conduct. *See id.* at 741 (ruling that nothing prevented the district court from taking into consideration the defendant's arguments, which included an argument that his post-sentence conduct should be considered).

## ANALYSIS

### I. Eligibility of Sentence Reduction

The parties agree that Daniels is eligible for a reduction under Section 404 of the First Step Act because Counts 2, 3, and 4 are covered offenses. These cocaine base offenses were committed before August 3, 2010, and the penalty for those crimes has been modified by the Fair Sentencing Act as a whole. *See Shaw*, 947 F.3d at 739. "Daniels need only be convicted of a single covered offense to seek relief on all counts of conviction, whether covered by the FSA or not." (Doc. 163, p. 2) (citing *Hudson*, 967 F.3d 605). Thus,

Daniels is eligible for consideration to have his sentence reduced under the First Step Act.

## II. Lower Penalties Set by the Fair Sentencing Act

Next, "[i]f the defendant is eligible, then the court faces the question of whether it should reduce the sentence." *Hudson*, 967 F.3d at 610. "[A] district court evaluating a First Step Act motion is not required to lower a First Step Act movant's prison term." *See United States v. Fowowe*, 1 F.4th 522, 529 (7th Cir. 2021) (citing *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020)). "However, the court still must determine the lower penalties set by the Fair Sentencing Act and consult that updated sentencing range to reach its decision." *Id*. Thus, the court "must begin by recalculating the statutory minimum and maximum that would have applied had §§ 2 and 3 of the Fair Sentencing Act been in effect at the time the movant was originally convicted." *Id*.

To recalculate the statutory minimum and maximum that would have applied had §§ 2 and 3 of the Fair Sentencing Act been in effect at the time the movant was originally convicted, the Court begins by reviewing the chart below:

| Count | Charge & Statutory Cite | Statutory Imprisonment Range Before Fair Sentencing Act | New Statutory Imprisonment Range After First Step Act ("FSA") |
|---|---|---|---|
| 1 | Distribution of **2.1 grams** of cocaine base in violation of § 841(a)(1) and (b)(1)(C) | Not more than 20 years | Unchanged by FSA. |
| 2 | Distribution of **8.1 grams** of cocaine base in violation of § 841(a)(1) and (b)(1)(B)(iii) | Five years to 40 years | 0 - 20 years (240 months) *Application of FSA results to a default to § 841(b)(1)(C) |

| Count | Charge & Statutory Cite | Statutory Imprisonment Range Before Fair Sentencing Act | New Statutory Imprisonment Range After First Step Act ("FSA") |
|---|---|---|---|
| 3 | Distribution of **10.2 grams of cocaine base** in violation of § 841(a)(1) and (b)(1)(B)(iii) | Five years to 40 years | 0 - 20 years (240 months) *Application of FSA results to a default to § 841(b)(1)(C) |
| 4 | Possession With Intent to Distribute **33.5 grams of cocaine base** in violation of § 841(a)(1) and 841(b)(1)(B)(iii) * Jury verdict form on Count 4 did not make a finding as to a quantity of crack. | Five years to 40 years | Unchanged by FSA |
| 5 | Possession with intent to distribute 142.7 grams of cocaine hydrochloride in violation of § 841(a)(1) and (b)(1)(C) | Not more than 20 years | 0 - 20 years (240 months) |
| 6 | Felon in possession of a Firearm in violation of § 922(g)(1) and 924(e)(1) – **With Armed Career Criminal Act penalties alleged** | 15 years to Life | **Unchanged by FSA.** |
| 7 | Possessing a firearm during a drug trafficking crime in violation of § 924(c)(1)(A) | Five years to Life (consecutive) | **Unchanged by FSA.** |

* For Counts 2, 3, and 4, there was a special jury verdict that those counts involved over 5 grams of cocaine base.

The FSA did not change the range for Counts 1, 4, 6, and 7 <u>or</u> Daniels's recidivists enhancements. Under §§4B1.1, his offense level would be 34 because he is a career offender. He was also convicted of 18 U.S.C. § 924(c), and he was determined to be a career offender under subsection (a), thus the applicable guideline range is 360 months

to life. *See* § 4B1.1(c).

Besides the career offender enhancement, in Count 6, Daniels was found to be an armed career offender under § 4B1.4 because he was "subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) . . . ." Under § 4B1.4, Daniels's offense level would remain 34 because Daniels used or possessed the firearm in connection with a controlled offense. Daniels's Criminal History Category would remain a VI. § 4B1.4(c)(2). Thus, the sentencing range would still be 262 to 327 months.

Then in Count 7, possessing a firearm during a drug trafficking crime in violation of § 924(c)(1)(A), Daniels would still face a consecutive sentence of 60 months. The total minimum sentence would be 322 months and the maximum sentence would be 387 months—even under the current guidelines.

Because the 322 months to 387 months is lower than the Career Offender table of 360 months to life, the Career Offender Table range is applicable, and Daniels's 370-month sentence would fall within the low end of that range.

### III. Section 3553(a) Factors

#### A. Changes in the Law

The First Step Act does not prevent the Court from considering a change in law when deciding whether the sentence imposed is "sufficient, but not greater than necessary," under 18 U.S.C. § 3553(a)." *Hudson*, 967 F.3d at 612; *see also Fowowe*, 1 F.4th at 531–32 (concluding that § 404(b) of the First Step Act "authorizes but does not require a district court to apply intervening judicial decisions").

Daniels asks the Court to consider *United States v. Haney*, 840 F.3d 472 (7th Cir.

2016), and the fact that the Court failed to orally pronounce the sentence on Count 6. The Court declines for the reasons discussed below.

      i.    *United States v. Haney*, 840 F.3d 472 (7th Cir. 2016)

In *Haney*, the Seventh Circuit held that the version of the general Illinois burglary statute as it existed in the 1970s did not match up with the generic burglary offense utilized by the Armed Career Criminal Act. *Id.* at 475. Daniels uses *Haney* to argue that he "should never have faced sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)." (Doc. 163, p. 3). Daniels points out that "the enhancement was based on two Illinois burglary convictions from the 1970s and the two offenses stemming from the incident on April 9, 1990." (*Id.*). Daniels continues noting that "[t]he April 9 convictions count as only one prior violent felony under the ACCA, because they were committed on the same occasion." (*Id.* at p. 4). "With only one prior violent felony, Mr. Daniels should have faced a statutory maximum term of 120 months' imprisonment on Count 6, and § 4B1.4 should not have come into play." (*Id.*).

The Government does not address *Haney*.[2] Rather, the Government argues that "[n]either of Daniels's designations as a career offender or armed career criminal changes as a result of the First Step Act." (Doc. 164, p. 11). The Government continues noting that "[n]othing in the First Step Act changed the categories of eligible offenses for Daniels's designation as an armed career criminal, and he is not entitled to a new determination of those matters pursuant to this motion or a plenary resentencing . . . ." (*Id.*).

---

[2] The Government argues that the "Defendant further argues without legal support that he should no longer be classified as an armed career criminal for the purposes of this First Step Act motion." (Doc. 164, p. 12). The Government does not explain why *Haney* is not legal support.

This seems to miss the point. Again, the First Step Act "authorizes but does not require a district court to apply intervening judicial decisions." *Fowowe*, 1 F.4th at 531–32. With that said, the Court will not reexamine Daniels's enhancement under the Armed Career Criminal Act. It would be inequitable for the Court to reexamine Daniels's enhancement, but not other defendants who are not covered by the § 404 of the First Step Act. "Neither the Fair Sentencing Act nor the First Step Act made such changes in the law retroactive, and to the extent they might be retroactive to the defendant, there are other avenues such as petitions under 28 U.S.C. §§ 2255 or 2241 he can use to seek those benefits." *United States v. Dunklin*, 2020 WL 5538990, at *3 (S.D. Ill. Sept. 15, 2020).

    **ii.**    **Failure to Orally Pronounce the Sentence on Count 6**

Next, Daniels argues that he "was never sentenced to a term of imprisonment on Count 6." (Doc. 163, p. 4). Daniels quotes *United States v. Sanford*, 806 F.3d 954, 960 (7th Cir. 2015), which stated that "only punishments stated orally, in open court, at sentencing are valid." The Government responds by noting that Daniels failed to bring challenge the merits of the written judgment in a direct appeal. (Doc. 164, p. 13). The Government also points out that "the Seventh Circuit has made clear that a defendant may not 'use a Section 3582(c) motion as an opportunity to challenge the appropriateness of the original sentence' or other such collateral attacks." (*Id*. at p. 14) (quoting *United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009)).

The Government is correct. *See United States v. Maybell*, 2021 WL 5195394, at *2 (7th Cir. Nov. 9, 2021) (noting that defendant "may not raise, in a motion to reduce his sentence, an argument that he could have raised on direct appeal . . ."). Indeed, the very

case Daniels relies on for the oral punishment rule, *Sanford*, was a direct appeal—not a motion to reduce sentence. *Sanford*, 806 F.3d at 960.

Even if Daniels could raise the oral punishment rule in a motion to reduce, the oral sentence must be unambiguous. *United States v. Daddino*, 5 F.3d 262, 266 (7th Cir. 1993). Here, the oral language could be seen as ambiguous because Judge Murphy discussed Count 6, but did not mention Count 6 later in his sentencing:

> . . . I'm taking into account very seriously what the United States attorney has told me here. That is a horrible record in this case. There's no way to discount or marginalize the life this man has lived. He's been very dangerous all of his life, so what is an appropriate sentence in this case under Counts 2, 3, and 4, knowing that right on top of it, I have to give him another 60-month consecutive sentence.

(Doc. 92, p. 17). And when an oral sentence could be seen as ambiguous, "the written judgment can correct those discrepancies." *United States v. Courtright*, 574 F. App'x 743, 744 (7th Cir. 2014).

Even if the oral sentence was unambiguous, the oral punishment rule does not apply here because Daniels was never deprived of the right of objecting to his sentence as to Count 6. The Seventh Circuit is clear:

> [w]hile it is true we have said that a district court 'need[s] to orally pronounce all conditions [of supervised release] from the bench,' *Kappes*, 782 F.3d at 862, we did so only because of the rule that 'when there is a conflict between an oral and later written sentence, the oral judgment pronounced from the bench controls,' *United States v. Johnson*, 765 F.3d 702, 710–11 (7th Cir. 2014).

*United States v. Bloch*, 825 F.3d 862, 872 (7th Cir. 2016). "This rule works to prevent the practice of district court imposing supervised release conditions that were never pronounced at sentencing." *Id.* "If such conditions are never pronounced at sentencing,

Page 11 of 12

then the defendant is deprived of the right of objecting to them." *Id*. (citation omitted). This harm is simply not present in Daniels's case.

For all these reasons, Daniels's argument regarding the failure to orally pronounce the sentence on Count 6 is rejected.

### B.  Remaining Section 3553(a) Factors

Even if the Court's analysis above is incorrect and Daniels's guidelines range changed after the First Step Act, the Court would further decline to reduce Daniels's sentence after considering the remaining factors under §3553(a). Specifically, Daniels's criminal history and continued violations in prison are a concern. These violations include assault with a serious injury, possessing a weapon, and fighting with another person. (Doc. 145-1).

Having carefully reviewed the record in this case, the Amended Motion to Reduce Sentence (Doc. 163) pursuant to the First Step Act of 2018 is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  January 11, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**