**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **LAWRENCE O. DANIELS,** <br><br> **Defendant.** | **Case No. 3:08-CR-30185-NJR** |

# ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion to Authorize Payment from Inmate Trust Account filed by the United States of America. (Doc. 204). The Government seeks an order, pursuant to 18 U.S.C. §§ 3613(a) and (f), authorizing the Bureau of Prisons (BOP) to turn over to the Clerk of the Court non-exempt funds held in the inmate trust account of Defendant Lawrence O. Daniels. (*Id.*). The funds would be applied as payment toward the criminal monetary penalties imposed in this case. (*Id.*). Daniels did not file a response in opposition to the motion.

In support of its motion, the Government notes that on May 11, 2009, the Court sentenced Daniels to a total of 370 months of imprisonment and five years of supervised release. (Doc. 69). The Court also ordered Daniels to pay a special assessment of $700 and a fine of $17,500. (*Id.*). To date, Daniels has paid $700 towards the special assessment and $12,240.51 towards the fine. (Doc. 204). As of August 19, 2026, the remaining balance due is $5,259.49. (*Id.* at p. 2).

On August 17, 2026, the Government learned Daniels had a balance of $1,248.72 in his inmate trust account. (*Id.*). The Government sent a letter to the Warden of FCI Pekin, and Daniels's inmate account was encumbered. (*Id.*). Therefore, the BOP has possession, custody, or control of at least $1,248.72 in encumbered funds belonging to Daniels. The Government further contends that these funds do not fall under any applicable exempt category. (*Id*. at p. 3).

18 U.S.C. § 3613(c) prescribes the Government's rights to Daniels' property:

> A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title [18 U.S.C. §§ 3571 et seq.][1] . . . is a lien in favor of the United States on *all property and rights to property* of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986.

(emphasis added).

For the reasons stated above and in the Government's motion, the Motion to Authorize Payment from Inmate Trust Account (Doc. 204) is **GRANTED**. The BOP is **ORDERED** to turn over to the Clerk of the Court the amount of $1,248.72. Payment shall be made to the Clerk of the District Court, 750 Missouri Avenue, East St. Louis, Illinois 62201. The remaining balance due will be $4,010.77 after this payment.

The Clerk of the Court shall accept the deposit from the funds currently held in the trust account for the following inmate:

---

[1] 18 U.S.C. § 3572 sets out the factors a district court must consider in deciding whether to impose a fine and in what amount, while § 3571 establishes the authorized fine amounts. Courts need not explicitly invoke these statutes so long as the record reflects application of the correct legal standard. *See United States v. Tyra*, 454 F.3d 686, 687 (7th Cir. 2006) ("district courts need not recite any magic words at sentencing to assure us that the correct standard is being used.").

Inmate Name: Lawrence O. Daniels
Inmate Number: 08036-025
Inmate Facility: FCI Pekin

The Clerk shall apply these funds as payment toward the criminal monetary penalty owed by Daniels in this case.

The Government is **ORDERED** to provide a copy of this Order to the BOP.

**IT IS SO ORDERED.**

**DATED:**

**NANCY J. ROSENSTENGEL**
**United States District Judge**